SUCCESSOR OF SCHLÜTER & COMPANY, Plaintiff and Appellee, *v.* RAMÓN GONZÁLEZ-NIEVES, Defendant and Appellant.

No. 4138.   Argued April 21, 1927.—Decided May 17, 1927.

*José C. Rivera* for the appellant.   *E. Campos del Toro* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Successor of Schlüter & Company sued Ramón González Nieves to recover $2,960 on account of fertilizers bought by González from the plaintiff.

The defendant did not appear in time and the plaintiff prayed and obtained the entry of default and a judgment in his favor.

The defendant appeared and moved the court to open the default and to be allowed to file a petition for a change of venue and a demurrer, and alleged that the petition and the demurrer had been prepared and properly served on the plaintiff in Caguas and that they had been sent by mail to the District Court of San Juan and were mislaid either in the post office or in the court.

The petition to open the default is not sworn. There was also presented with it an affidavit from the attorney for the defendant setting forth that he had again prepared, for final filing, a petition for a change of venue, an affidavit of merits, the demurrer and a motion to open the default which he presented without any intention to hinder or delay because

the defendant had "a good and meritorious defense against the plaintiff, for the cause of action which is being prosecuted lacks the juridical scope and meaning which at first sight it seems to have."

The plaintiff filed two affidavits tending to show that the defendant did not have a good defense because he had acknowledged the correctness of the claim.

The court finally dismissed the motion for opening the default and it is from that decision that the defendant has brought the present appeal.

A sole error is assigned, to wit, that in his judgment the court erred in refusing to open the default.

Did the court abuse its discretion?

Let us find that out in the light of the very jurisprudence quoted by the appellant in his brief, which is as follows:

"Opening of default.—An affidavit setting forth the proceedings, and some excuse is always necessary. Suppose a client has allowed a judgment to go by default, and he desires to have the judgment opened. Three things must be shown to the court: 1. Some excuse for neglect to defend; any reasonable excuse will generally be accepted. Forgetfulness, if bona fide, is sufficient. 2. That the party making the application has a good defense; and he should be willing to state this upon oath. 3. A copy of the answer or defense which it is proposed to put in. Therefore, these three things must be included: Some good excuse, an affidavit of merits, and the proposed pleading itself." Davis Lewis Cobb, Notes on the Code, page 56.

Was a sufficient excuse presented for non-appearance in time?

The appellant alleges that he sent his documents by post, that they went astray and that constitutes a sufficient excuse.

We are of the opinion that, as the attorney for the plaintiff had admitted that he had been served in time with the petition to change the venue and the demurrer that the defendant intended to file, if it had been shown that the above documents had been duly mailed in time it could be considered as a sufficient excuse. But the defendant confined himself to

692

state the fact in a petition which was not sworn to and then, having had an opportunity to do so, did not support his statement with any other evidence.

Under such circumstances the court was not bound to believe the defendant or to accept his excuse as valid.

Did the defendant show that he had a good defense?

His attorney stated that he had. This statement is no doubt a circumstance to be considered which at times is decisive but which is not binding on the court, especially if the latter is satisfied from a cursory examination of the pleadings that there was no such defense.

The allegation presented here was not the kind of answer which would have enabled the district court and would enable us now to judge at a glance of the merits of the case. It was a demurrer for lack of facts, and really the complaint is so clear, complete and ordinary that no effort whatever is required to conclude that it contains sufficient facts to constitute a cause of action.

As it is not possible to conclude that the district court abused its discretion in refusing to open the default, the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Hutchison concurred in the judgment.